**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEREMIAH WILLIAM BROOKS,

     Petitioner,      Case Number: 2:11-CV-10411

v.             HONORABLE VICTORIA A. ROBERTS

DAVID BERGH,

     Respondent.

              /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR**
**SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF**
**HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

   Michigan state prisoner Jeremiah William Brooks filed a *pro se* petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his convictions for second-

degree murder and assault with intent to rob while armed.  Respondent has filed a Motion

for Summary Judgment on the ground that the petition was not timely filed.  Because the

petition was not timely filed, the Court grants the motion.

**I.**

   Petitioner pleaded guilty in Wayne Count Circuit Court to second-degree murder

and assault with intent to rob while armed.  On August 4, 2003, he was sentenced to

eighteen to twenty years in prison for each of the convictions, to be served concurrently.

   Petitioner filed an application for leave to appeal to the Michigan Court of

Appeals, arguing that the sentence was an abuse of discretion and not tailored to his

individual circumstances.  The Michigan Court of Appeals denied leave to appeal.
*People v. Brooks*, No. 256940 (Mich. Ct. App. Aug. 24, 2004).  The Michigan Supreme Court denied Petitioner's application for leave to appeal.  *People v. Brooks*, 472 Mich. 896 (Mich. Apr. 26, 2005).

On November 1, 2005, Petitioner filed a motion for relief from judgment in the trial court, claiming that his guilty plea was not knowingly and voluntarily made and that trial and appellate counsel were ineffective.  The trial court denied the motion.  *People v. Brooks*, No. 02-13472-01 (Wayne County Cir. Ct. Jan. 18, 2006).  Petitioner sought leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court.  Both state appellate courts denied leave to appeal.  *People v. Brooks*, No. 274956 (Mich. Ct. App. May 21, 2007); *People v. Brooks*, 480 Mich. 951 (Mich. Nov. 29, 2007).

Petitioner filed a second motion for relief from judgment in the trial court on February 12, 2009.  He raised three sentencing-related claims, including a claim that he was denied access to and the ability to challenge several victim impact letters referenced in the presentence investigation report.  The trial court denied the motion because Michigan Court Rules 6.502(G)(1) & (2) limit a petitioner to one motion for relief from judgment unless a successive motion falls into one of two limited exceptions, which Petitioner's did not.  *People v. Brooks*, No. 02-13472-01 (Wayne County Cir. Ct. Sept. 24, 2009).  The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal because Michigan Court Rule 6.502(G) prohibits an appeal from the denial of a

successive motion for relief from judgment. *People v. Brooks*, No. 295878 (Mich. Ct.

App. Apr. 2, 2010).  The Michigan Supreme Court denied leave to appeal for the same

reason. *People v. Brooks*, 488 Mich. 854 (Mich. Sept. 9, 2010).

On January 24, 2010, Petitioner filed the pending petition for a writ of habeas

corpus.  He raises these claims:

I.     Denial of Sixth Amendment right to effective assistance of trial and
       appellate counsel, and the Fourteenth Amendment right of due process of
       law, by counsels' deficient performances regarding access to written victim
       impact statements.

II.    Denial of Sixth Amendment right to effective assistance of trial and
       appellate counsel, and the Fourteenth Amendment right of due process of
       law, by counsels' deficient performances regarding illusory sentence
       bargain based on incorrectly calculated guidelines.

III.   Denial of Sixth Amendment right to effective assistance of trial and
       appellate counsel, and the Fourteenth Amendment right of due process of
       law, by counsels' performances regarding the trial court's abdication of its
       sentencing authority and discretion.

Respondent filed a motion for summary judgment on the ground that the petition is

untimely.  Petitioner filed a response to the motion.

**II.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified

at 28 U.S.C. § 2241 et seq., applies a one-year period of limitations for habeas petitions

brought by prisoners challenging state court judgments.  The statute provides that the one-

year limitations period shall run from the latest of several dates.  The two dates relevant

to the pending petition are: "(A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review; . . .

[and] (D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1).

Petitioner argues that the limitations period commenced on the date he discovered

the factual predicate for his claims and is, therefore, timely.  Respondent argues that the

limitations period commenced on the date Petitioner's conviction became final and

expired well before filing of the pending petition.

Petitioner claims that he discovered the factual predicate for his claim on October

23, 2008, when he learned, by letter from the Wayne County Circuit Court, that his case

file does not include victim impact statements.  Petitioner concludes that, because the

victim impact statements were not in his case file, they were never reviewed by his

attorney, nor did he receive copies of them.  His habeas claims relate to the victim impact

statements.

Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay . . .

while a habeas petitioner gathers every possible scrap of evidence that might . . . support

his claim."  *Sorce v. Artuz*, 73 F. Supp.2d 292, 294-95 (E.D. N.Y.1999) (internal

quotation omitted).  A habeas petitioner has the burden of proof in establishing that he

exercised due diligence in searching for the factual predicate of the habeas claims.  *Stokes*

*v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002).  "An application that 'merely alleges

that the applicant did not actually know the facts underlying his . . . claim' is insufficient

to show due diligence."  *Id.* quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir.

1997).  While Petitioner states that he did not discover that the victim impact statements

were not part of his file until October 23, 2008, he should have been aware that the victim

impact statements, referenced in the pre-sentence investigation report, existed at the time

of his sentencing.  During sentencing, Petitioner's attorney stated that he had an

opportunity to review the pre-sentence information report with his client and that they

wished to make no additions, corrections, or deletions to the report.  Petitioner makes no

specific claims that the court or his attorney denied any request to review the victim

impact statements.  While Petitioner may not have discovered the omission of the victim

impact statements from the file until 2008, he certainly knew of their existence well

before that date and, through the exercise of due diligence, could have discovered their

whereabouts or absence sooner.  *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich.

2003) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts

the clock running; the accrual of the statute of limitations does not await the collection of

evidence which supports the facts.").  Additionally, Petitioner could have asserted that the

trial court improperly relied upon the victim impact statements well before 2008.

Therefore, the Court finds § 2244(d)(1)(D) inapplicable to the petition.

Because Petitioner has not shown that the one-year limitations period was

triggered by the discovery of the factual predicate for his claims, the limitations period

commenced on the date that his state court conviction became final.  28 U.S.C. §

2244(d)(1)(A).  Petitioner appealed his conviction first to the Michigan Court of Appeals,

and then to the Michigan Supreme Court.  The Michigan Supreme Court denied his

application for leave to appeal on April 26, 2005.  Petitioner had ninety days from that

date to file a petition for writ of certiorari with the United States Supreme Court, which

he did not do. Thus, his conviction became final on July 25, 2005, when the time period

for seeking certiorari expired.  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)

(one-year statute of limitations does not begin to run until the time for filing a petition for

a writ of certiorari for direct review in the United States Supreme Court has expired).

The last day on which a petitioner can file a petition for a writ of certiorari in the United

States Supreme Court is not counted toward the one-year limitations period applicable to

habeas corpus petitions.  *Id.* at 285.  Accordingly, the limitations period commenced on

July 26, 2005, and continued to run until Petitioner filed his first motion for relief from

judgment on November 1, 2005.  That motion, a properly filed motion for state-court

collateral review, tolled the limitations period with almost nine months remaining.  *See* 28

U.S.C. § 2244(d)(2).  The limitations period resumed running on November 30, 2007, the

day after the Michigan Supreme Court denied Petitioner's motion for reconsideration of

the denial of leave to appeal.  The limitations period continued running until it expired

approximately nine months later.  The petition was filed on January 24, 2010, over two

years after the limitations period expired.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of

the Rules Governing Section 2254 Proceedings requires that a district court must "issue

or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the court denies a certificate of appealability.

## IV.

The court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of

habeas corpus is **DISMISSED**.

        **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                    S/Victoria A. Roberts

                    Victoria A. Roberts
                    United States District Judge

Dated:  October 3, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Jeremiah William Brooks by electronic means or U.S. Mail on October 3, 2011.

S/Linda Vertriest
Deputy Clerk

---